UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LATARSHA MURCHISON, parent and next friend of A.M., | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:      20-00283 |
| | : | |
| v. | : | Re Document No.:     9, 10 |
| | : | |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION AND ORDER**

GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

## I.  INTRODUCTION

This case concerns Plaintiff Latarsha Murchison, acting on behalf of her minor child

A.M., and Defendant District of Columbia ("the District").  Murchison initiated an

administrative action against the District alleging that the District denied A.M. a free appropriate

public education ("FAPE") in violation of the Individuals with Disabilities Education Act

("IDEA").  After an administrative hearing and a determination, Plaintiff initiated this action

claiming that she should be designated a prevailing party based on the hearing officer's

determination and seeking $32,728.70 in attorney's fees under the IDEA.  The District moves for

judgment on the pleadings or, in the alternative, for summary judgment.  The Court grants the

District's motion for judgment on the pleadings.

## II.  FACTUAL BACKGROUND

A.M. receives special education services from the District.  Hearing Officer

Determination ("HOD") at 3–4, ECF No. 9–1.  In June 2019, her mother requested that A.M.

receive a psychiatric reevaluation.  *Id.* at 6.  The District did not respond.  *Id.* at 10.  In

September 2019, Ms. Murchison filed a due process complaint with the District of Columbia Office of the State Superintendent of Education under the IDEA alleging that the District "denied [A.M.] a [FAPE] by failing to conduct or fund a psychiatric reevaluation of [A.M.]." *Id.* at 1. On October 7, 2019, Ms. Murchison and the District attempted to resolve the dispute at a resolution session meeting ("RSM") and were unable to do so. *Id.* at 2. At this meeting, the District's representative denied Murchison's June 2019 request and stated that A.M.'s multidisciplinary team ("MDT") would assess A.M. in January 2020.[1] *Id.* at 7.

Later that month, the District drafted a formal Prior Written Notice ("PWN") formally denying Murchison's June 2019 request that A.M. receive a psychiatric reevaluation. *Id.* at 8. Murchison "did not receive this PWN." *Id.* On October 25, 2019, the District drafted a "Consent for Evaluation/Reevaluation form" requesting to reevaluate A.M. prior to the triennial reevaluation deadline on January 25, 2020, and the District invited Murchison to an Analysis of Existing Data ("AED") meeting to determine what assessments, if any, were needed as part of A.M.'s reevaluation. *Id.* at 7–8. An AED meeting was scheduled for December 6, 2019. *Id.*

A hearing officer in the Office of Dispute Resolution at the Office of the State Superintendent heard Murchison's due process complaint on November 22, 2019. *Id.* at 2. The issue presented to the hearing officer was "[w]hether District of Columbia Public Schools ("DCPS") denied [A.M.] a FAPE by failing to conduct or fund a psychiatric evaluation of [A.M.], as requested by [Murchison] in June 2019." *Id.* at 3. The hearing officer concluded that the District had not denied A.M. a FAPE. *Id.* at 15.

---

[1] The HOD states that the District's representative told Murchison that [A.M.'s] multidisciplinary team would reconvene and conduct assessments in "January 2010," but it is clear from context that this is a typographical error and that the hearing officer intended to write "January 2020."

The hearing officer explained that the IDEA requires special education reevaluations of children with disabilities every three years, or when a school district determines that a reevaluation is warranted, or when a student's "parent or teacher requests a reevaluation." *Id.* at 11. A parent's request for a reevaluation "trigger[s] [the school district's] duty to conduct a reevaluation or issue a PWN, within a reasonable time, explaining why it refused to do so." *Id.* The hearing officer determined that the District's decision to deny Murchison's June 2019 request and to instead defer A.M.'s reevaluation until the triennial reevaluation deadline "did not amount to an unreasonable period of time or undue delay" of the reevaluation. *Id.* at 12.

However, the hearing officer also determined that the District failed to provide a PWN to Murchison within a "reasonable time." *Id.* at 13. While this failure "constituted a procedural violation of the IDEA," it did not "impede[] [A.M.]'s right to a FAPE" for three reasons. *Id.* at 14. First, Murchison was represented by counsel who "promptly filed a due process complaint" after the District did not respond to her June 2019 request. *Id.* at 13–14. Second, A.M. had been moved to a specialized educational setting where A.M.'s behavioral issues had improved. *Id.* at 14. Third, the District had contacted Murchison in October 2019 to begin the reevaluation process. *Id.* Thus, Murchison had not shown "that [the District's] failure to timely respond to her reevaluation request impeded [A.M.'s] right to a FAPE, impeded [Murchison's] right to participate in the decision[-]making process or caused a deprivation of educational benefit." *Id.*

Finally, the hearing officer declined to decide whether A.M. needed a psychiatric assessment as part of her triennial reevaluation. *Id.* at 15–16. The hearing officer explained that while Murchison had the "right to request an IDEA reevaluation," A.M.'s MDT team was ultimately responsible for determining which assessments are needed as part of A.M.'s reevaluation. *Id.* at 15. Thus, Murchison "ha[d] not shown that [the District's] fail[ure] to

conduct or fund a specific psychiatric evaluation of [A.M.], as requested by [Murchison] in June 2019, was a denial of a FAPE." *Id.* at 15.

Accordingly, the hearing officer issued a two-part order.  First, the hearing officer denied all relief requested by Murchison.  *Id.* at 16.  Second, the hearing officer ordered that "[i]f [A.M.'s] MDT team, with input from [Murchison] and her representatives, [were to] determine at the upcoming AED meeting that a psychiatric assessment of [A.M.] [was] needed for [A.M.'s] reevaluation, then [the District would have to] conduct or fund an appropriate psychiatric evaluation." *Id.*

Murchison commenced this action in February 2020, *see* Compl.  She alleges that she is a prevailing party based on the HOD and that she is entitled to $32,728.70 in attorney's fees under the IDEA.  Am. Compl. ¶ 12.  The District moves for judgment on the pleadings, or, in the alternative, for summary judgment.  Def.'s Mot., ECF Nos. 9, 10.

### III.  LEGAL STANDARD

#### A.      Fed. R. Civ. P. 12(c): Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking at the substance of the pleadings and any judicially noticed facts." *Tapp v. Wash. Metro. Area Transit Auth.*, 306 F. Supp. 3d 383, 391 (D.D.C. 2016) (internal quotations and citations omitted).  A ruling on a Rule 12(c) motion is a "judgment on the merits." *Murphy v. Dep't of Air Force*, 326 F.R.D. 47, 49 (D.D.C. 2018) (quoting *All. of Artists & Recording Cos., Inc., v. Gen. Motors Co.*, 162 F. Supp. 3d 8, 16 (D.D.C. 2016)); *see also Lopez v. Nat'l Archives & Records Admin.*, 301 F. Supp. 3d 78,

84 (D.D.C. 2018) (explaining that the D.C. Circuit's standard for a 12(c) motion "comes closer to a summary judgment type of determination").

When evaluating a Rule 12(c) motion, courts should "rel[y] on 'the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice.'" *Tapp*, 306 F. Supp. 3d at 392 (quoting *Allen v. Dep't of Educ.*, 755 F. Supp. 2d 122, 125 (D.D.C. 2010)).  To prevail, a movant must "show both that there is no material dispute of fact . . . and that the law is such that the movant is entitled to judgment as a matter of law . . . ." *Murphy*, 326 F.R.D. at 49.

### B.      Fed. R. Civ. P. 56: Summary Judgment

A court may grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A "material" fact is one capable of affecting the substantive outcome of the litigation.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is "genuine" if there is enough evidence for a reasonable jury to return a verdict for the non-movant.  *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

The principal purpose of summary judgment is to streamline litigation by disposing of factually unsupported claims or defenses and determining whether there is a genuine need for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  The movant bears the initial burden of identifying portions of the record that demonstrate the absence of any genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 323.  In response, the non-movant must point to specific facts in the record that reveal a genuine issue that is suitable for trial.  *See Celotex*, 477 U.S. at 324.  In considering a motion for summary judgment, a court must "eschew making credibility determinations or weighing the evidence[,]" *Czekalski v. Peters*, 475

F.3d 360, 363 (D.C. Cir. 2007), and all underlying facts and inferences must be analyzed in the

light most favorable to the non-movant, *see Anderson*, 477 U.S. at 255.  Nevertheless,

conclusory assertions offered without any evidentiary support do not establish a genuine issue

for trial.  *See Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).

### IV.  ANALYSIS

The IDEA states that "[i]n any action or proceeding brought under this section, the court,

in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing

party who is the parent of a child with a disability [.]"  20 U.S.C. § 1415(i)(3)(B)(i)(I).  The D.C.

Circuit determines whether a party is a prevailing party using a three-part test: "(1) there must be

a 'court-ordered change in the legal relationship' of the parties; (2) the judgment must be in favor

of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by

judicial relief."  *District of Columbia, v. Straus*, 590 F.3d 898, 901 (D.C. Cir. 2010) (quoting

*Thomas v. Nat'l Sci. Found.*, 330 F.3d 486, 492–93 (D.C. Cir. 2003)).  "The touchstone of the

prevailing party inquiry must be the material alteration of the legal relationship of the parties in a

manner which Congress sought to promote in the fee statute."  *Tex. State Teachers Ass'n v.*

*Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989).

Under the IDEA, "local educational agenc[ies] shall ensure that a reevaluation of each

child with a disability is conducted . . . at least once every 3 years, unless the parent and the . . .

agency agree otherwise . . . ."  20 U.S.C. § 1414(a)(2).  When conducting a reevaluation, a

student's Individualized Education Program (IEP) team[2] must review existing data, including

---

[2] While the IDEA refers specifically to a student's "IEP team," 20 U.S.C. § 1414(c), the
HOD uses the phrases "IEP team" and "MDT team" interchangeably, *see* HOD at 8 (stating that
the District's October 18, 2019, PWN stated that A.M.'s "IEP team" would consider existing
data and determine whether additional evaluations were needed), *id.* at 16 (ordering the District

"evaluations and information provided by the parents of the child," to determine whether

additional evaluations are needed as part of a student's reevaluation.  *Id.* § 1414(c)(1).  If the IEP

team determines that additional evaluations are needed, the local educational agency must

conduct those evaluations.  *Id.* § 1414(c)(2).  A parent who disagrees with an evaluation obtained

by the agency has the right to an independent educational evaluation (IEE) at public expense,

unless the agency can demonstrate at a due process hearing that the agency's evaluation was

appropriate or that the IEE obtained by the parent failed to meet agency criteria.  34 C.F.R. §

300.52(b).

Here, the District argues that it is entitled to judgment on the pleadings because the

undisputed facts and the HOD establish that Murchison is not a prevailing party under the HOD.

Def.'s Mot. at 5.  First, the District asserts that Murchison is not a prevailing party because the

hearing officer denied Murchison's requested relief.  *Id.* (citing HOD at 16).  Additionally, the

District asserts that there is no "court-ordered change in the legal relationship" between

Murchison and the District "[b]ecause the hearing officer's 'order' to conduct or fund an

appropriate psychiatric evaluation is conditioned upon the MDT determining that a psychiatric

assessment is warranted," which "may not happen," and because the hearing officer lacked the

authority to issue this conditional order.[3]  *Id.* at 6.

In response, Murchison argues that although the hearing officer denied her requested

relief, she meets all three prongs of the prevailing party inquiry.  Pl.'s Resp. 7–8, ECF No. 11–2.

First, Murchison argues that the hearing officer's conditional order creates a "court-ordered

---

to conduct or fund a psychiatric evaluation of A.M. if A.M.'s "MDT team" determines that one
is needed).  These are two ways of referring to the same group.

[3] Because this Court finds that Murchison fails to meet the requirements of the prevailing
party inquiry, it need not determine whether the hearing officer acted within his authority in
issuing the conditional order. Neither party has directly challenged the order.

change in the legal relationship" because it requires the District to discuss A.M.'s reevaluation

with Murchison at the scheduled AED meeting and to fund or conduct a psychiatric assessment

as part of that reevaluation if needed. *Id.* at 7.  Second, Murchison asserts that the hearing officer

ruled in her favor because the conditional order may benefit A.M. if at the AED meeting the

MDT team determines that a psychiatric evaluation is needed. *Id.* at 8.  Third, Murchison argues

that the conditional order constitutes judicial relief because it "require[s] action on the part of the

District." *Id.*

Murchison is not a prevailing party under the HOD because there has been no change to

her legal relationship with the District as a result of the HOD.  In the HOD,[4] the hearing officer

denied Murchison's requested relief and issued a conditional order requiring the District to

conduct or fund a psychiatric evaluation of A.M. if A.M.'s MDT team finds that such an

evaluation is necessary after the already-scheduled AED meeting.  HOD at 16; *see id.* at 14

("[The District] has already reached out to [Murchison] to schedule the AED meeting.").  This is

how the reevaluation process normally works.  Even in the absence of the conditional order, the

District would not necessarily be required to fund an independent psychiatric evaluation, *see* 34

C.F.R. § 300.52(b) (outlining situations in which parents may not have a right to an IEE at public

expense), and the District would already be required to conduct a psychiatric evaluation itself if

A.M.'s MDT team were to determine that one was needed after taking into account any input

provided by Murchison, *see* 20 U.S.C. § 1414(c)(1)-(2).  Therefore, the HOD did not create a

material change in the legal relationship between Murchison and the District because it only

ordered the District to take a contingent action that it already might have been required to take

---

[4] In evaluating the District's motion for judgment on the pleadings, this Court considers the HOD as a document referenced in Murchison's amended complaint, and, thus, reliance upon it does not convert the motion to one for summary judgment. *See, e.g.*, Am. Compl. ¶ 11.

depending on the outcome of an AED meeting that was already scheduled.  The order added

nothing to the normal process.  Because Murchison fails the first prong of the prevailing party

inquiry, this Court need not consider the remaining two prongs to conclude that Murchison is not

the prevailing party under the HOD.  Because Murchison is not a prevailing party pursuant to the

IDEA, she is not entitled to attorney's fees.  Therefore, this Court grants the District's motion for

judgment on the pleadings.

## V.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings is

**GRANTED** and Defendant's Motion for Summary Judgment is **DENIED AS MOOT**.  This is a

final and appealable order.

**SO ORDERED.**

Dated:  August 7, 2020                                                        RUDOLPH CONTRERAS
                                                                             United States District Judge

9